UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Yussuf Hamid,

      Plaintiff,    Civ. No. 12-2009 (RHK/FLN)

v.           **ORDER**

JPMorgan Chase Bank, N.A., *et al.*,

      Defendants.

---

This is one of many cases recently filed in the federal courts challenging a bank's foreclosure of a mortgage on a borrower's home.  Plaintiff Yussuf Hamid asserts claims against his lender, JPMorgan Chase Bank, N.A. ("Chase"), and the law firm that handled the foreclosure, Shapiro & Zielke, LLP ("SZ").  His Complaint, charitably speaking, is difficult to decipher, but generally alleges that Chase could not foreclose because (1) his mortgage had been "securitized" and (2) his promissory note (used to purchase the property in question) had been separated from its related mortgage (the security interest on the property).  The Complaint also alleges a claim against SZ under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in connection with its handling of the foreclosure.[1]

---

[1] Hamid commenced this action in the Dakota County, Minnesota District Court, and Defendants removed it to this Court on August 15, 2012.  Hamid moved to remand (Doc. No. 9), but the Court denied his Motion because the Complaint contains at least one federal claim (the FDCPA claim against SZ).  (See Doc. No. 14.)  Hamid has now submitted the attached Motion for Reconsideration, arguing that there is no *diversity* jurisdiction over this action.  As the Court previously noted, however, this is not a diversity case; jurisdiction is predicated on the existence of a federal question.  The Motion for Reconsideration is therefore **DENIED**.

Defendants now move to dismiss.  Chase argues that the theories undergirding Hamid's claims against it simply are not tenable, and the Court agrees.  It is beyond peradventure that both loan securitization and the separation of a promissory note from its mortgage are lawful in Minnesota and cannot be used to challenge a foreclosure.  See, e.g., Butler v. Bank of Am., N.A., 690 F.3d 959, 962 (8th Cir. 2012) (rejecting several differently styled claims that were all "simply an attempt to invalidate the foreclosure on the property based on the flawed theory the mortgage and the foreclosure of that mortgage are invalid because . . . the entity holding the mortgage . . . does not also hold the note") (citing Jackson v. Mortg. Elec. Reg. Sys., Inc., 770 N.W.2d 487 (Minn. 2009)); Stein v. Chase Home Fin., LLC, 662 F.3d 976, 978 (8th Cir. 2011).  Nor was Chase under any obligation to "show the note" to Hamid.  See, e.g., Stein, 662 F.3d at 978; JPMorgan Chase Bank, N.A. v. Erlandson, 821 N.W.2d 600, 604 n.3 (Minn. Ct. App. 2012).  And Hamid has alleged no facts that would undermine the *prima facie* validity to which the sheriff's certificate of foreclosure sale is entitled under Minnesota law.  See, e.g., Minn. Stat. § 580.19; Sykora v. Chase Home Fin., LLC, Civ. No. 12-775, 2012 WL 2979142, at *4 (D. Minn. July 20, 2012) (Kyle, J.).  As each of Hamid's claims against Chase (no matter how styled) appears predicated on a flawed theory or theories, none is viable.  Chase's Motion will therefore be granted.[2]

As for SZ, it notes that it received Hamid's Summons and Complaint by United States mail and, hence, it argues (among other things) that it has not properly been served

---

[2] In an unauthorized surreply filed on November 2, 2012 (Doc. No. 25), Hamid suggests that the cases cited above were wrongly decided.  Even if that were true, this Court enjoys no license to ignore the clear mandates of the Eighth Circuit in Butler and Stein.

with process.  (Doc. No. 11 at 3.)  Hamid has not responded to this argument, which has merit.  The Federal Rules of Civil Procedure do not contemplate service on artificial entities by mail alone unless authorized by state law.  Fed. R. Civ. P. 4(h)(1).  And under Minnesota law, service by mail requires a signed acknowledgement of receipt by the defendant, which is absent here.  See Minn. R. Civ. P. 4.05; MW Ag, Inc. v. N.H. Ins. Co., 107 F.3d 644, 646-47 (8th Cir. 1997).  Service was therefore improper, and absent valid service, the Court lacks jurisdiction over SZ.  E.g., Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993).  Accordingly, all claims against it must be dismissed, as well.[3]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Chase's Motion to Dismiss (Doc. No 3) and SZ's Motion to Dismiss (Doc. No. 5) are **GRANTED**.  Hamid's claims against Chase are **DISMISSED WITH PREJUDICE** and his claims against SZ are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  November 13, 2012              s/Richard H. Kyle
                                      RICHARD H. KYLE
                                      United States District Judge

---

[3] For this reason, the Court could not address SZ's arguments on the merits even if it wanted to: "Courts should not address claims on the merits where personal jurisdiction is lacking." Thao v. Deutsche Bank Nat'l Trust Co., Civ. No. 10-03, 2010 WL 2292260, at *1 (D. Minn. June 3, 2010) (Kyle, J.) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999)).